IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-280-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| SHARIF SAFWAT EZZAT, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's motion to dismiss (D.E. 35) on the grounds of selective prosecution. Defendant's memorandum was incorporated into the motion. The government filed a response in opposition as part of a collective response to several motions filed by defendant (D.E. 39 at 4-6). The motion was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 1 Mar. 2011 Docket Entry). For the reasons stated below, it will be recommended that defendant's motion be denied.

## BACKGROUND

Defendant, who is confined to a wheelchair, was an inmate at the Federal Correctional Institution II-Medium in Butner, North Carolina ("FCI II"). (Def.'s Mot. ¶ 3). On 13 September 2009, a search of defendant's wheelchair by prison officials uncovered three shanks. (*Id.*). On 18 August 2010, he was indicted for possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). (Indict. (D.E. 1)).

On 1 February 2011, defendant filed the instant motion. The motion seeks dismissal on the grounds that the prosecution against him was unlawfully discriminatory because other inmates accused of possession of shanks were not federally prosecuted. Defendant further contends that the prosecution against him was motivated by his alleged gang affiliations, thereby impinging

upon his First Amendment rights of expression and association. Defendant seeks relief in the form of dismissal of the indictment[1] or, alternatively, further discovery on this issue.[2]

## DISCUSSION

### I. Applicable Law

While a prosecutor has "broad discretion" to enforce criminal laws, such discretion is "subject to constitutional constraints." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)). One such limitation is "imposed by the equal protection component of the Due Process Clause of the Fifth Amendment," which prohibits the prosecutor from making a decision to prosecute on the basis of "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). "A criminal defendant bears a heavy burden in proving that he has been selected for prosecution in contravention of his constitutional rights." *United States v. Hastings*, 126 F.3d 310, 313 (4th Cir. 1997). "Unless a defendant provides 'clear evidence' to overcome the presumption that a government prosecutor has acted lawfully and without discrimination--a 'particularly demanding' standard--he cannot demonstrate a constitutional violation for selective prosecution." *United States v. Passaro*, 577 F.3d 207, 219 (4th Cir. 2009) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489 (1999)). To succeed on a claim of selective prosecution, a defendant must prove: (1) "that the federal prosecutorial policy had a

---

[1] The court notes that the law is not clear on whether dismissal of the indictment is the proper remedy for a claim of selective prosecution. *See, e.g., United States v. Armstrong*, 517 U.S. 456, 461 n. 2 (1996) ("We have never determined whether dismissal of the indictment, or some other sanction, is the proper remedy if a court determines that a defendant has been the victim of prosecution on the basis of his race."). However, because it will be recommended that defendant's motion be denied, the court need not address the appropriate remedy.

[2] As discussed in more detail in the Discussion section below, the court has already addressed defendant's request for additional discovery on this issue by allowing, in relevant part, the government's motion to quash a subpoena issued by defendant seeking such discovery. (*See* 27 April Order 2011 (D.E. 54)).

2

discriminatory effect" and (2) "that it was motivated by a discriminatory purpose or intent." *United States v. Venable*, --- F. Supp. 2d ---, No. 3:08CR199, 2011 WL 250669, at *7 (E.D. Va. 26 Jan. 2011) (citing *Armstrong*, 517 U.S. at 465).

## II. Analysis of Defendant's Motion

In this case, defendant has failed to present any evidence of either discriminatory effect or discriminatory intent to support his claim of selective prosecution. The sole basis for his claim is his "personal knowledge of individuals similarly situated, that is [sic] accused of possessing serious contraband such as shanks, to him that have not been indicted" combined with the fact that "the Government's discovery contains significant allegations of [defendant's] supposed gang affiliations" thereby suggesting "that the motive driving his prosecution is the appearance of him exercising certain First Amendment rights to expression and association and FCI II official's desires to place a chill effect on his future exercise of those rights." (Mot. 2). These statements amount to no more than speculation, and, therefore, wholly fail to meet the 'particularly demanding' standard for proving selective prosecution. *See Passaro*, 577 F.3d at 219.

In fact, the court has already found that defendant has failed to present sufficient preliminary evidence even to warrant discovery on the issue of selective prosecution. On 27 April 2011, the court allowed, in relevant part, the government's motion to quash subpoenas issued by defendant to the Warden of the Federal Correction Complex at Butner seeking information regarding inmates' gang affiliations and materials pertaining to shank-related incidents. (D.E. 54). The court concluded, as it does again here, that defendant has "not produced evidence making a credible showing of both discriminatory effect and discriminatory intent" to justify the discovery he sought as required by the United States Supreme Court in *Armstrong*, 517 U.S. at 468-70. Where the evidence presented is insufficient to warrant discovery on a selective

prosecution claim, it follows that it is insufficient to support the claim itself. As the Fourth Circuit has noted, the "rigorous" evidentiary threshold for discovery on a selective prosecution claim was "intended to be 'a significant barrier to the litigation of insubstantial claims.'" *Hastings*, 126 F.3d at 313 (quoting *Armstrong*, 517 U.S. at 464).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that defendant's motion to dismiss (D.E. 35) for selective prosecution be DENIED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days or such other period as the court may direct in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 6th day of June 2011.

James E. Gates
United States Magistrate Judge