IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-280-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHARIF EZZAT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the indictment due to selective prosecution by the government (DE # 35). The government responded in opposition, and the motion was referred to United States Magistrate Judge James E. Gates for evidentiary hearing and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). In his memorandum and recommendation ("M&R") filed June 7, 2011 (DE # 73), the magistrate judge recommended the motion to dismiss be denied. Defendant did not timely file objection. For the reasons that follow, the court adopts the magistrate judge's recommendation and denies defendant's motion.

## BACKGROUND

On August 18, 2010, the grand jury returned an indictment charging defendant, a federal inmate, with possession of prohibited objects in violation of 18 U.S.C. § 1791(a)(2). This charge relates to defendant's alleged possession of three shanks (*i.e.*, homemade knives) uncovered during a search of his wheelchair on September 13, 2009.

On February 1, 2011, defendant filed this motion to dismiss for selective prosecution. Defendant argues that as many as fifty (50) other inmates were accused of possessing a shank or

other serious contraband during the same time period, but that defendant was the only individual indicted. Defendant argues that this prosecution is motivated by a desire to chill his exercise of First Amendment rights. The government, opposing defendant's motion, argues that defendant fails to put forward no evidence – or even a credible allegation – of selective prosecution.

The magistrate judge, following hearing, concluded that defendant had not met his heavy burden to establish a selective prosecution claim. Characterizing defendant's arguments as "no more than speculation," the magistrate judge recommends the court deny defendant's motion. Defendant did not timely object to this recommendation.

## DISCUSSION

A. Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which objections are filed. 28 U.S.C. § 636(b). Absent a timely objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

As the magistrate judge correctly noted, federal prosecutors enjoy broad discretion in enforcing criminal laws, although they may not base their decision on whether to prosecute upon "an unjustifiable standard such as race, religion, or other arbitrary classification." See United States v. Armstrong, 517 U.S. 456, 463 (1996) (internal quotation marks omitted). The magistrate judge also correctly noted that a defendant bears the heavy burden of providing "clear evidence to

2

overcome the presumption that a government prosecutor has acted lawfully and without discrimination," and that this is a "particularly demanding standard." See United States v. Passaro, 577 F.3d 207, 219 (4th Cir. 2009) (internal quotation marks omitted). The defendant must demonstrate both (1) that similarly situated individuals of a different classification were not prosecuted, *and* (2) that the decision to prosecute was invidious or made in bad faith. See United States v. Hastings, 126 F.3d 310, 313 (4th Cir. 1997).

Applying this standard to the facts in front of him, the magistrate judge concluded that defendant had not met his heavy burden of proof. This conclusion was not clearly erroneous. Defendant offered no evidence that he received disparate treatment, nor any evidence that his prosecution was motivated by discriminatory animus or bad faith. As such, the magistrate judge correctly determined that defendant's motion must be denied.

## CONCLUSION

Upon a careful review of the M&R, the court discerns no clear error in the magistrate judge's factual findings or legal analysis. Accordingly, the court ADOPTS the recommendation of the magistrate judge (DE # 73) as its own. Defendant's motion to dismiss for selective prosecution (DE # 35) is DENIED.

SO ORDERED, this the ___ of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3