IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-280-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHARIF SAFWAT EZZAT, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's motion in limine (D.E. 32) seeking an order excluding certain evidence under Federal Rules of Evidence 401, 403, and 404. Defendant's memorandum was incorporated into the motion. The government filed a response in opposition (D.E. 39 at 8-9) as part of a collective response to several motions. The motion was referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* 1 Mar. 2011 Docket Entry). For the reasons stated below, defendant's motion will be denied without prejudice.

## BACKGROUND

Defendant, who is confined to a wheelchair, was an inmate at the Federal Correctional Institution II-Medium in Butner, North Carolina ("FCI II") on 13 September 2009. (Def.'s Mot. ¶¶ 1, 3). On that date, a search of defendant's wheelchair by prison officials uncovered three shanks. (*Id*. at ¶ 3). On 18 August 2010, he was indicted for possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). (Indict. (D.E. 1)).

By his motion, defendant seeks an order preventing the government from introducing at trial two sets of evidence. One set is evidence pertaining to defendant's alleged membership in or association with any gang, including MS-13. The second set is evidence of other alleged wrongdoing or other acts associated with defendant. Defendant contends that both sets of

evidence should be excluded on the grounds that they are not, as required by Rule 402, relevant within the meaning of Rule 401; are unfairly prejudicial under Rule 403; or are being offered for improper purposes under Rule 404.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Rule 402, all relevant evidence is admissible, except as provided by the other rules of evidence or other applicable law. Fed. R. Evid. 402.

Rule 404(b), for instance, provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence may, though, be admissible for other purposes, including to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. Thus, "Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010); *see also United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) ("Evidence of prior bad actions is admissible under Rule 404(b) if the evidence is (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable."). But "[e]ven when evidence is relevant and otherwise admissible, . . . the court retains the power to exclude evidence under Federal Rule of Evidence 403 when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or

consideration of undue delay or waste of time." *Staton v. Nucor Steel Hertford*, No. 4:04-CV-47-FL, 2005 WL 6218141, at *9 (E.D.N.C. 28 June 2005); *see also Hodge*, 354 F.3d at 312.

## II.   ANALYSIS OF DEFENDANT'S MOTION

### A.   Evidence of Gang Affiliation

Defendant contends that the government may seek to introduce certain specific evidence to show that he is affiliated with a gang. This evidence includes: (1) a memorandum drafted by a Federal Bureau of Prisons ("BOP") employee discussing certain group photographs that allegedly show defendant socializing with validated members of the Hispanic gang, MS-13; (2) a group photograph of defendant with four alleged gang members; and (3) photographs of defendant's tattoos depicting alleged gang symbols.[1]

Defendant acknowledges that there are circumstances under which evidence of gang membership may be relevant and otherwise admissible. *See, e.g., United States v. Santiago*, 344 Fed. Appx. 847, 850 (4th Cir. 2009) (holding that evidence of a defendant's gang membership, in conjunction with evidence that defendant was part of a subgroup whose role was to take violent action against rival gang members, and defendant's presence in rival territory was admissible to explain why defendant was carrying a firearm); *see also United States v. Harris*, 587 F.3d 861, 868 (7th Cir. 2009) (holding that even though evidence of gang membership can be inflammatory, evidence of defendant's involvement with a gang was properly admitted because it was highly probative of defendant's possession of the particular firearms at issue and his motive for having them).

However, defendant contends that in this case "there is no connection between the gang affiliation and the possession of a weapon." (Def.'s Mot. 6). Defendant further asserts that "the Government's discovery contains no evidence establishing how the alleged gang affiliation is

---
[1] Defendant did not submit copies of this evidence with his motion.

'inextricably intertwined' with the offense and no allegation whatsoever that [defendant] engaged in any gang activity remotely related to the crime charged." (*Id*.). Consequently, defendant contends, the only reason for the government to present this evidence would be to suggest, impermissibly, that gang *affiliation*, as opposed to gang *activity*, makes it more likely that defendant committed the charged offense.

In response, the government argues that defendant's gang affiliation is admissible to show his motive, knowledge, and intent with respect to his possession of the shanks. The government further represents that it "intends to show a link between the charged criminal conduct and the affiliation with known gangs within the prison." (Gov.'s Resp. 8-9). The government has provided no description of the specific evidence it intends to present or the specific purposes for which such evidence would be offered.

On the record before it, the court cannot rule out the possibility that the evidence of defendant's gang affiliation will be relevant and otherwise admissible at trial. Defendant's motion will accordingly be denied as to the evidence of gang affiliation. But the dismissal will be without prejudice because the admissibility of the evidence of gang affiliation cannot at this point be assured.

### B. Evidence of Other Crimes, Wrongs, or Acts

Defendant cites to specific evidence of alleged wrongdoing or other acts besides gang affiliation, that he seeks to exclude by his motion. Such evidence includes: defendant's past criminal charges; his participation in drug treatment programs; his BOP security classification; BOP disciplinary sanctions against him; injuries suffered by him, including a stabbing and a shooting prior to entering BOP custody; and his immigration status, including any removal

4

'inextricably intertwined' with the offense and no allegation whatsoever that [defendant] engaged in any gang activity remotely related to the crime charged." (*Id*.). Consequently, defendant contends, the only reason for the government to present this evidence would be to suggest, impermissibly, that gang *affiliation*, as opposed to gang *activity*, makes it more likely that defendant committed the charged offense.

In response, the government argues that defendant's gang affiliation is admissible to show his motive, knowledge, and intent with respect to his possession of the shanks. The government further represents that it "intends to show a link between the charged criminal conduct and the affiliation with known gangs within the prison." (Gov.'s Resp. 8-9). The government has provided no description of the specific evidence it intends to present or the specific purposes for which such evidence would be offered.

On the record before it, the court cannot rule out the possibility that the evidence of defendant's gang affiliation will be relevant and otherwise admissible at trial. Defendant's motion will accordingly be denied as to the evidence of gang affiliation. But the dismissal will be without prejudice because the admissibility of the evidence of gang affiliation cannot at this point be assured.

### B. Evidence of Other Crimes, Wrongs, or Acts

Defendant cites to specific evidence of alleged wrongdoing or other acts besides gang affiliation, that he seeks to exclude by his motion. Such evidence includes: defendant's past criminal charges; his participation in drug treatment programs; his BOP security classification; BOP disciplinary sanctions against him; injuries suffered by him, including a stabbing and a shooting prior to entering BOP custody; and his immigration status, including any removal

4

Case 5:10-cr-00280-FL   Document 76   Filed 07/29/11   Page 4 of 5

proceedings. As with the evidence of gang affiliation, the government responded generally that the evidence of other alleged wrongdoing or other acts is admissible for permissible purposes.

It is, of course, true that evidence of this type can, under appropriate circumstances, be admissible for purposes other than the improper one of showing criminal propensity. *See, e.g., United States v. Penniegraft*, 641 F.3d 566, 575 (4th Cir. 2011) (holding that evidence of defendant's prior arrest for possession of crack was admissible to prove not only the intent element of the current charge of possession with intent to distribute crack, but also to undermine defendant's attempt to disassociate himself from the residence where the crack was found because defendant had listed the address of that same residence as his home address after the prior arrest). The court cannot, at this stage of the proceedings, exclude the possibility that the record at the time of trial will render the evidence in question here admissible for a proper purpose, although its admissibility is not assured. Therefore, as with the evidence of gang affiliation, defendant's motion will be denied without prejudice with respect to the evidence of other alleged wrongdoing. The motion in its entirety will therefore be denied without prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the defendant's motion in limine (D.E. 32) is DENIED WITHOUT PREJUDICE. This ruling, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during trial, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this the 29th day of July 2011.

_____
James E. Gates
United States Magistrate Judge