IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-280-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHARIF EZZAT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the indictment on double jeopardy grounds (DE # 34). The government responded in opposition, and the motion was referred to United States Magistrate Judge James E. Gates for recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge, in his memorandum and recommendation ("M&R") entered July 7, 2011 (DE # 75), recommends the motion be denied. Defendant has not objected to this recommendation, and this matter is now ripe for decision. For the reasons that follow, the court adopts the M&R in full and denies defendant's motion.

## BACKGROUND

On August 18, 2010, the grand jury returned an indictment charging defendant, a federal inmate, with possession of prohibited objects in violation of 18 U.S.C. § 1791(a)(2). This charge relates to defendant's alleged possession of three shanks (*i.e.*, homemade knives) uncovered during a search of his wheelchair on September 13, 2009.

On January 31, 2011, defendant filed this motion to dismiss on double jeopardy grounds. Defendant argues that he was placed in disciplinary segregation for a period of nine months as

punishment for his possession of the shanks. Defendant relies on Hudson v. United States, 522 U.S. 93 (1997), which considers whether purported civil sanctions are in fact criminal in nature based on a number of factors espoused in Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963). The government, by contrast, contends that it is well-settled that prison disciplinary actions are civil in nature and do not implicate double jeopardy concerns.

The magistrate judge, following an evidentiary hearing held on May 18, 2011, concluded that defendant was placed in administrative detention pending conclusion of the investigation for possession of shanks, rather than disciplinary segregation as a punishment for that offense. Assuming without deciding that the Hudson test applied to the circumstances presented here, the magistrate judge further concluded that the administrative detention here was civil in nature.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which objections are filed. 28 U.S.C. § 636(b). Absent a timely objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.   Analysis

In his lengthy M&R, the magistrate judge provided a detailed recitation of the factual circumstances presented by this case and a thorough analysis of the legal principles at issue. First, he correctly noted that the Double Jeopardy Clause applies only to sanctions that are *criminal*

2

punishments, and that a two-part test is used to determine whether a punishment is civil or criminal in nature. See Hudson, 522 U.S. 98-100. First, the court must determine whether the legislature intended the penalty to be civil or criminal. See id. at 99. Second, assuming the legislature indicated an intent to establish a civil penalty, the court must look to the factors set forth in Kennedy v. Mendoza-Martinez to determine whether the scheme was so punitive either in purpose or effect as to transform the intended civil remedy into a criminal penalty. See id. at 99-100.

Here, the magistrate judge correctly concluded that Congress intended for prison administrative and disciplinary proceedings to be civil rather than criminal in nature. See United States v. Simpson, 546 F.3d 394, 397-98 (6th Cir. 2008) (en banc); United States v. Devaughn, 32 F. App'x 60, 61 (4th Cir. 2002) (unpublished) (citing published cases from six other circuits). He then determined that the relevant Kennedy factors did not transform defendant's administrative detention into criminal punishment. For example, the magistrate judge notes that confinement is consistent with the policy of creating a safe and orderly prison environment, that the occupancy levels and size of the cells in which defendant was housed were not punitive in nature, that the restrictions and limitations imposed on defendant were not excessive in relation to the purpose of maintaining safety and discipline, and that the length of his administrative detention was not excessive in light of the ongoing investigation.

Based on the magistrate judge's meticulous analysis of the Hudson test and the Kennedy factors referenced by the Supreme Court in that case, the court cannot conclude that he clearly erred in determining that defendant's administrative detention was civil in nature and was not a criminal punishment subject to the Double Jeopardy Clause. As such, the court adopts the recommended disposition of the magistrate judge and denies defendant's motion to dismiss.

## CONCLUSION

Upon a careful review of the M&R, the court discerns no clear error in the magistrate judge's factual findings or legal analysis. Accordingly, the court ADOPTS the recommendation of the magistrate judge (DE # 75) as its own. Defendant's motion to dismiss on double jeopardy grounds (DE # 34) is DENIED.

SO ORDERED, this the 3rd day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge